UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL V. HENDRICKS,

                Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

Case No. 13-CV-1367-JPS

ORDER

      The complaint in this social security appeal was filed on December 4, 2013. (Docket #1). The complaint names Michael V. Hendricks as the plaintiff, and was filed without the assistance of a lawyer. (*See* Docket #1, #2). The Court reviewed the complaint and noticed that every document was noted as having been prepared by Frederick Hendricks, the plaintiff's father, who also signed and dated the documents and wrote "P.O.A.," presumably meaning that he holds the plaintiff's power of attorney. (Docket #4).

      The Court noted that this created a problem, because an individual appearing before this Court may not be represented by another person who is not an attorney. (Docket #4, at 1 (citing 28 U.S.C. § 1654 (requiring litigants to conduct their own cases personally or by counsel))). Thus, the plaintiff's father cannot represent the plaintiff. However, given the state of the documents, it appeared quite clear that the plaintiff's father was doing just that: crafting the statement of alleged errors; drafting the complaint and motion for leave to proceed *in forma pauperis*; and, perhaps, even dating the documents (the handwriting in the date lines looks very similar to the date

noted next to the father's signature acknowledging that he was the preparer). (*See* Docket #1, #2).

Given that state of the record, the Court pointed out that it could not allow the plaintiff to proceed utilizing his father as counsel, unless there was some exception that would permit him to do so. (Docket #4, at 2–4). Holding a power of attorney does not create such an exception. (Docket #4, at 2 (citing *Johnson v. Bank One N.A.*, 90 Fed. App'x 956, 957 (7th Cir. 2004); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Lewis v. Lenc- Smith Mfg. Co.*, 784 F.2d 829, 830–31 (7th Cir. 1986) (*per curiam*); *Williams v. United States*, 477 Fed. App'x 9, 11 (3d Cir. 2012); *Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001); *Perry v. Stout*, 20 F.3d App'x 780, 782 (10th Cir. 2001))). The Court noted, however, that legal guardianship may create an exception, and so allowed the plaintiff's father the opportunity to establish legal guardianship. (Docket #4, at 2–4 (citing *Mackall v. Cathedral Trustees, Inc.*, 465 Fed. App'x 549, 551 (2012); *Elustra ex rel. Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010); *Machadio v. Apfel*, 276 F.3d 103, 106–08 (2d Cir. 2002); *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011); *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Works ex rel. A.R.W. v. Commissioner of Social Security*, 886 F. Supp. 2d 690, 696–97 (S.D. Oh. 2012); *Maldonado v. Apfel*, 55 F. Supp.2d 296 (S.D.N.Y. 1999))).

The plaintiff's father did not establish legal guardianship; instead, the plaintiff filed an amended complaint that is very similar to the original complaint. (Docket #5, #6) The allegations are very similar. (Docket #6, at 3). The complaint is written in the exact same type face. (Docket #6). Yet, in a

letter written to the Court, the plaintiff's father—it is important to note that the letter was not filed by the plaintiff, himself—informs the Court that he merely prepared the amended complaint on his son's behalf, allegedly documenting the plaintiff's "own words rather than" those of the plaintiff's father. (Docket #5).

This arrangement still causes the Court great concern. To begin, the plaintiff, himself, has been found severely impaired as a result of both anxiety disorder and schizotypal personality disorder. (Docket #1, Ex. 1, at 7). This makes the Court doubtful as to whether the plaintiff is actually capable of drafting the documents that have been filed to this point in the proceedings, or whether, with these most recent filings, the plaintiff's father is still effectively representing his son. The Court concerns are heightened by the fact that plaintiff's father is the only person who has prepared any documents to submit to the Court, and the Court has not yet heard from the plaintiff, himself.

Simply put, 28 U.S.C. § 1654 requires that the plaintiff appear personally or by counsel. Thus, if the plaintiff's father prepared the amended complaint in this case on behalf of his son, the Court will be required to dismiss the amended complaint.

Thus, the Court will invoke 28 U.S.C. § 636(b)(1)(A) together with General L. R. 72(b)(1) and refer the question of plaintiff's representation to the assigned Magistrate Judge, in this case, William E. Callahan, Jr., for such further proceedings as may be necessary– including an evidentiary hearing, to determine whether the plaintiff is capable of proceeding on his own behalf. Magistrate Callahan should then issue his decision. The Court will then determine whether it should allow the plaintiff's case to proceed or dismiss

the case. In the meantime, the Court will hold the plaintiff's most recent motion for leave to proceed *in forma pauperis* in abeyance, and will deny his first motion for leave to proceed *in forma pauperis* as moot.

Accordingly,

IT IS ORDERED that Magistrate Judge William E. Callahan, Jr. shall hold an evidentiary hearing and issue a decision regarding the issues more fully discussed above. Magistrate Callahan will schedule this hearing at his earliest convenience, and the parties shall comply with his directives regarding the submission of evidence, presentation of evidence, and attendance of parties and witnesses;

IT IS FURTHER ORDERED that the plaintiff's amended motion for leave to proceed *in forma pauperis* (Docket #7) be and the same is hereby HELD IN ABEYANCE; and

IT IS FURTHER ORDERED that the plaintiff's first motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby DENIED as moot.

Dated at Milwaukee, Wisconsin, this 6th day of January, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge